### In re M. BURKE & CO.

(District Court, W. D. Pennsylvania. September 29, 1905.)

#### No. 2,859.

SALES—RIGHT OF STOPPAGE IN TRANSIT—DURATION OF TRANSIT.

Goods bought, but not paid for, were shipped by the seller, addressed to the street number of the purchasers' store. On their arrival in the city, they were delivered by the railroad company to a local transfer company having a general order from the purchasers to receive goods in their behalf, and were taken to the store, which was found closed because of the purchasers' insolvency. An adjudication of bankruptcy followed; the goods being held in storage by the transfer company. *Held* that, not having reached the destination contemplated by the shipper's directions, the goods were still in transit, and subject, in the hands of the local company, to the seller's right of stoppage, as against the trustee of the bankrupts.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 838.]

In Bankruptcy. Sur petition of trustee for an order to deliver personal property.

Stonecipher & Ralston, for petitioning creditors.

Patterson, Sterrett & Acheson, for Pennsylvania R. Co.

BUFFINGTON, District Judge. The question involved is one of the right to stop goods in transit. They were purchased by Burke & Co., the bankrupt firm, from the McKee-Jeanette Glass Company, but were never paid for. They were shipped over the Pennsylvania Railroad, freight prepaid, and were directed to the store street number of the bankrupt firm in Pittsburg. On their arrival in that city they were delivered by the railroad to a local freight delivery company for delivery to Burke & Co. This local company was engaged in both the freight delivery and storage business. Before delivering freight to any local delivery company, the railroad requires it to obtain a general order from consignees, authorizing it to receive their shipments, and the local company in question had such a general order from Burke & Co. In accord-

ance therewith, and without any instructions as to these particular goods, it received them from the railroad and hauled them to the bankrupts' store. This store was closed by reason of Burke & Co.'s failure. They then took the goods to their own storage warehouse where they still remain. Notice from the vendors not to deliver having been given, the question now arises whether they shall be delivered to Burke & Co.'s trustee in bankruptcy.

After an examination of the proofs and authorities we are clear the trustee is not entitled to them. Where a vendee has never paid for goods, and is insolvent, the vendor's right of stoppage in transit is one highly favored on account of its intrinsic justice. Cabeen v. Campbell, 30 Pa. 254. Under the proofs we are of opinion these goods were, at the time of the notice, still in transit. The general rule is that, so far as the right of stoppage is concerned, the destination of the goods is that contemplated by the contract of sale or understood between the buyer and seller at the time of shipment. 26 Am. Ency. of Law, p. 1087. This destination was the street number of the buyer's store. Now, the delivery to the local freight company was to effect delivery to the destination contemplated by the original directions. A performance of that duty by it required no new or different orders or directions other than those given and covered by the original markings. It follows, therefore, the goods were still in transit, still in process of delivery, and the right of stoppage continued during the carriage by the freight-hauling company and until delivery at the final point of destination. Cabeen v. Campbell, supra. And, indeed, that such local delivery companies are exceptions to the general rule that delivery to an agent is delivery to the vendee, and that the right of stoppage exists until they deliver the goods, is recognized in several cases, among which we cite Weber v. Baessler, 3 Colo. App. 464, 34 Pac. 261; Harris v. Tenney, 85 Tex. 256, 20 S. W. 82, 34 Am. St. Rep. 796; Mason v. Wilson, 43 Ark. 172; and 26 Am. Enc. Law, 1103; Jones, Liens, § 929.

Moreover, in this case we have the additional fact that before the local company brought the freight to the store of Burke & Co., the consignee, it had closed its place of business, and bankruptcy proceedings followed later. After consideration, the prayer of the bankrupts' trustee for delivery of the goods must be denied.